**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-10945
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD BRANTMAN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-108-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Donald Brantman, Jr., pleaded guilty to one count of traveling in interstate commerce to engage in illicit sexual conduct with a minor (Count 1) and one count of committing an enumerated felony involving a minor while being a registered sex offender (Count 2). The district court sentenced Brantman to 168 months of imprisonment on Count 1 and to a consecutive sentence of 120 months of imprisonment on Count 2. Brantman

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agrees that his guidelines computation was correct but challenges his sentence as unreasonable.

Brantman first contends that his sentence is unreasonable because the Sentencing Commission failed to meet the purposes and sentencing objectives of 28 U.S.C. § 991(b)(1)(C) and 18 U.S.C. § 3553(a)(2) when it promulgated U.S.S.G. § 4B1.5 and § 2A3.6. He argues that the fact that the district court is free to disagree with the Sentencing Guidelines does not cure the problem because (1) the district courts are nevertheless required to consider the Guidelines; (2) defendants continue to be classified according to whether their conduct is in the heartland of similar offenses; (3) it is unclear whether district courts may develop categorical alternatives when the Guidelines do not reflect the Sentencing Commission's purposes and objectives; and (4) we presume a guidelines sentence is reasonable. He argues that his sentence should not be presumed reasonable because § 4B1.5 is not empirically based.

Brantman correctly asserts that the application of § 4B1.5 to his prior New York offense of attempted sodomy with a minor caused his guidelines range of imprisonment for Count 1 to increase from 70 to 87 months to 168 to 210 months. Because his New York offense mandated that he register as a sex offender, his offense conduct that violated 18 U.S.C. § 2423(b) also violated 18 U.S.C. § 2260A and ultimately exposed him to the additional mandatory, consecutive 120 months (10 year) sentence.

Brantman's concedes that the district court's sentencing decision was procedurally sound. We consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007); *accord United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). District courts have a duty to consider the § 3553(a) factors as well as a duty to determine the applicable guidelines range correctly. *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). If, in the exercise of discretion, the sentencing judge imposes a sentence within a

2

properly calculated guidelines range, little explanation is required, and we will infer that the district court considered all of the factors for a fair sentence set forth in the guidelines. *Id.* at 519. Additionally, "a sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 127 S. Ct. 2456, 2462-63 (2007) (upholding the application of the presumption of reasonableness to sentences within a properly calculated guidelines range).

District courts may depart from the Guidelines based on policy considerations, even in routine cases. *United States v. Mondragon-Santiago*, 564 F.3d 357, 365-66 (5th Cir. 2009) (applying plain error review), *petition for cert. filed* (June 24, 2009) (No. 08-11099). District courts have the discretion to consider "policy decisions behind the Guidelines, including the presence of absence of empirical data, as part of their § 3553(a) analysis." *Id.* at 366.

The Sentencing Commission "has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Id.* (quoting *United States v. Kimbrough,* 128 S. Ct. 558, 574-75 (2007)). Even when the relevant guideline is not empirically based, however, "by the time an appeals court reviews a Guidelines sentence, both the Sentencing Commission and the district court have fulfilled their congressional mandate to consider the § 3553(a) factors and have arrived at the same conclusion." *Id.* Accordingly, we review a district court's decision to award a guidelines sentence that is not empirically grounded under the same deferential standard we use to review guidelines sentences that are empirically grounded, regardless whether application of the challenged guideline "dramatically increased" the punishment for the offense based on a defendant's criminal history. *See United States v. Duarte*, 569 F.3d 523, 530-31 (5th Cir. 2009) (reviewing sentence for reasonableness); *Mondragon-Santiago*, 564 F.3d at 367. Brantman's disagreement with his sentence on the assertion that the Sentencing Commission failed to meet its goals and purpose in

promulgating § 4B1.5 is insufficient to rebut the presumption that his within-guidelines sentence is reasonable.

Brantman contends in his reply brief that, based on his personal characteristics and the nature of his offense, his correctly calculated guidelines sentence is greater than necessary to meet the sentencing objectives of § 3553(a)(2). Although Brantman did not make this argument in his opening brief, the government raised this issue in its brief, so we exercise our discretion to consider it. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

Brantman describes himself as penniless, lovelorn, and homeless, describes his teenage victim as lovelorn, and compares himself favorably to offenders who actually succeed in making sexual contact with their victims and to offenders who contact depraved parents seeking to abuse their children. The district court considered the facts of the case and Brantman's personal characteristics, agreed that the case was "somewhat unusual," and selected a low-end guidelines sentence based on these facts. The district court listed several factors to support the sentence it chose, including the need to protect minors from predatory conduct, Brantman's history of similar conduct, the extent to which he went to execute the offense, the seriousness of the offense, the need to promote respect for this area of law and to afford adequate deterrence, and the need for just punishment.

The totality of the circumstances considered in light of the § 3553(a) factors supports the sentence that the district court imposed. *See Gall*, 128 S. Ct. at 597. Brantman's argument regarding his characteristics and the nature of his offense essentially asks us to reweigh the § 3553(a) factors. That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* Brantman has not shown that his sentence amounts to an abuse of discretion. *See id.*

AFFIRMED.